**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MONIQUE BURGESS,**

**Plaintiff,**

**-vs-**

**GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY,**

**Defendant.**

**Case No. 1:24-cv-01217-PAB**

**JUDGE PAMELA A. BARKER**

**MEMORANDUM OPINION & ORDER**

Currently pending before the Court is (1) Plaintiff Monique Burgess's ("Burgess") Position Paper Regarding Defendant's Objection to the Deposition Fees of Plaintiff's Expert Witnesses (Doc. No. 44) ("Burgess' Position Paper"), (2) Defendant Greater Cleveland Regional Transit Authority's ("GCRTA") "Motion to Set Reasonable Fees for the Depositions of Plaintiff's Retained Experts Mitchell H. Bamberger, M.D. and Gary D. Bozeman, M.D. under FRCP 26(b)(4)(E) and 26(c)(1)(B) /Response to Plaintiff's Position Paper, ECF 44" (Doc. No. 45) (the "Motion"), and (3) Burgess' Response to GCRTA's Motion (Doc. No. 46) ("Burgess' Opposition"). For the reasons stated below, the Motion is GRANTED in part and DENIED in part.

## I. Background

On October 27, 2026, Burgess filed her Position Paper. (Doc. No. 44.) Therein, Burgess asserts that "[t]his dispute concerns the fees [GCRTA] must pay Plaintiff's two expert witnesses, Dr. Mitchell H. Bamberger and Dr. Gary D. Bozeman, for their depositions." (*Id.* at PageID #1418.) The next day, the Court entered a non-document order directing GCRTA to "file a Responsive Position Paper no later than close of business on October 30, 2026."

On October 28, 2026, GCRTA filed its Motion requesting that the Court "set the reasonable fee that Plaintiff's retained experts, Mitchell H. Bamberger, M.D. and Gary D. Bozeman, M.D., may charge for their remote depositions tentatively set for November 20 and 23, 2026." (Doc. No. 45.) That same day, the Court entered the following order:

> The Court is in receipt of Defendant's Motion to Set Reasonable Fees for the Depositions of Plaintiff's Retained Experts Mitchell H. Bamberger, M.D. and Gary D. Bozeman, M.D. under FRCP 26(b)(4)(E) and 26(c)(1)(B) / Response to Plaintiff's Position Paper, ECF 44. Given the upcoming expert discovery deadline, the Court orders as follows: (1) because Defendant labeled their filing as a "Response to Plaintiff's Position Paper, ECF 44," Defendant may not file any additional responses to Plaintiff's Position Paper, (2) Plaintiff shall file an Opposition to Defendant's "Motion" no later than November 4, 2026, (3) Plaintiff's Opposition shall be limited to five pages, excluding exhibits, and (4) no replies shall be permitted.

On November 4, 2026, Burgess filed her Opposition to the Motion. (Doc. No. 46.)

## II. Analysis

### A. The parties' arguments

In Burgess's Position Paper, she asserts that GCRTA has objected to her proffered experts' hourly rates. Burgess asserts that "Dr. Bozeman's disclosed rate is $600 per hour, and Dr. Bamberger's is $1,000 per hour." (Doc. No. 44, PageID #1418.) According to Burgess, the GCRTA "contends that both should be paid $200 per hour." (*Id.*) Burgess asserts that, when deciding a reasonable rate for the experts, "the Court should consider the expert's education, training and experience; the prevailing rate for comparable experts; and the nature and complexity of the information sought." (*Id.* at PageID #44.) Burgess asserts that "Dr. Bozeman is a board-certified urologist with 30 years of clinical experience treating overactive bladder and interpreting urodynamic studies," and that "Dr. Bamberger has been board certified in urology since 1992, is an associate professor of urology at the University of Massachusetts Medical School, and has published widely in

the field." (*Id.*) According to Burgess, their rates "are in line with, or below, what other urologists charge for expert depositions." (*Id.* at PageID #1420–21.) Pointing to other urologists' CVs that are attached to her Position Paper, Burgess asserts that "Dr. Douglas Grier charges $700 per hour, Dr. Sabry Mansour $900 per hour with a two-hour minimum, Dr. Mark Edney $1,000 per hour, Dr. Adam Ball $1,200 per hour with a three-hour minimum, and Dr. Howard Adler $5,000 for a deposition of up to four hours." (*Id.* at PageID #1421.) Burgess further asserts that "[t]he Expert Institute, which compiled fee data from more than 100,000 cases, reports that urology experts charge an average of $750 per hour for depositions." (*Id.*) Burgess then asserts that "RTA seeks testimony from board-certified urologists about defined medical terms, bladder physiology, detrusor overactivity, and the interpretation of urodynamic studies. That is specialized medical subject matter." (*Id.*) Finally, Burgess asserts that "RTA's only basis for [$200 per hour] is its unsupported assertion that Plaintiff is trying to shift the cost of the reports by having the experts charge RTA more for their testimony" (*Id.* at PageID #1422.)

In the Motion, GCRTA contends that "[t]he only evidence in the record of what Dr. Bamberger's time is worth in this case is what he charged Plaintiff: $200 per hour" and that "[t]he only evidence of what Dr. Bozeman's time is worth in this case is what he charged Plaintiff: nothing." (Doc. No. 45, PageID #1507.) GCRTA asserts that "[p]arties cannot offload the costs of their own experts by getting them to prepare reports for free on the front-end, and 'make it up' on the back end, by collecting from the other side." (*Id.* at PageID #1508.) GCRTA contends that "[t]his concern is amplified here, where GCRTA has moved to exclude both reports as noncompliant with the rules." (*Id.*) GCRTA then argues that "[t]he remaining factors point the same way" because "[t]he testimony sought is not complex: Dr. Bamberger's submission is a two-page, generic description of detrusor

anatomy that never mentions the Plaintiff" and "Dr. Bozeman's 'report' rests on a single 2022 urodynamic study and three other documents out of total records exceeding 6,700 pages." (*Id.* at PageID #1509.) GCRTA contends that "[a] rate of $200 per hour is reasonable under the circumstances" because "[i]t is the rate Dr. Bamberger himself accepted for the work he did in this case, and it is considerably above the $0 that Dr. Bozeman charged Plaintiff." (*Id.*) Finally, "GCRTA requests that the Court's order (1) set each doctor's fee at $200 per hour for time actually spent in deposition, billed in increments no greater than fifteen minutes and capped at the time actually taken; (2) provide that the depositions will be taken by remote means under Fed. R. Civ. P. 30(b)(4), so that no travel charge applies; (3) provide that no fee is chargeable for time spent drafting or supplementing a report, gathering or producing materials that Rule 26(a)(2)(B) requires, or conferring with Plaintiff's counsel; (4) limit any compensable preparation to a reasonable amount, not exceeding the length of the deposition . . .; and (5) provide that payment is due within thirty days after each deposition on receipt of an invoice for the time actually spent, rather than in advance." (*Id.* at PageID #1510.)

Burgess responds in her Opposition that she "submitted the rate statements and CVs of five other urologists, who charge $700 to $1,200 per hour or more for depositions . . . and directed the Court to a website with national data showing that urology experts charge an average of $750 per hour for depositions." (Doc. No. 46, PageID #1515.) Burgess asserts that GCRTA "does not mention any of that evidence, although the prevailing rate for comparable experts is one of the three factors [GC]RTA itself quotes" and that GCRTA "offers no evidence that any urologist charges $200 per hour." (*Id.*) Burgess also asserts that "here the experts are charging Plaintiff the exact same rates for the time they spend answering the undersigned's questions at their depositions." (*Id.*) Burgess contends that "the fees charged for each report [do not] show what the experts' time is worth." (*Id.*

at PageID #1516.) Burgess further contends that "the rate statements for other experts . . . show that they all, just like Plaintiff's experts, charge more for depositions than for review or reports" and that experts are "free to charge different rates for different services." (*Id.*) Burgess then argues that GCRTA's "criticisms of the records the experts reviewed and of Dr. Bamberger's report go to the weight of their opinions, not to the value of their time, and are the subject of [GCRTA's] Motion to Exclude." (*Id.* at PageID #1517.)

Burgess concludes her Opposition with her agreement with GCRTA that it "should pay each expert beginning at the scheduled deposition time until it completes its examination, and then during the time it re-examines each expert, if at all, following Plaintiff's examination, billed in increments of fifteen minutes; that the depositions be taken remotely, with no travel charge (as long as RTA agrees to depose the experts at their office, home, or other reasonable place of their choice); that RTA not be charged for time spent drafting or supplementing a report, gathering Rule 26(a)(2)(B) materials, or conferring with Plaintiff's counsel prior to the deposition; and that compensable preparation time not exceed two hours (the amount of time requested by RTA for each examination)." (*Id.* at PageID #1518–19.) Burgess "also agrees that payment may be made within thirty days after each deposition," but "asks only that the order make clear that she is not required to pay any part of the fee for deposition time used by RTA." (*Id.* at PageID #1519.)

**B. Legal standard**

Under Rule 26(b)(4)(E), "[u]nless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent [testifying at deposition]." "The burden of proving reasonableness falls on the party whose fee is in question." *Webb v. Tenn. Mor Props. LLC*, No. 3:24-CV-186-DCLC-DCP, 2026 U.S. Dist. LEXIS 141722, at

*6 (E.D. Tenn. Feb .26, 2026) (quoting *Bartlett v. Barbes*, No. 3:18-cv-00087, 2020 U.S. Dist. LEXIS 215740, at *4 (W.D. Ky. Nov. 18, 2020)); *accord James v. LR Vincent Truck & Serv.*, No. 2:19-cv-00064, 2021 U.S. Dist. LEXIS 230525, at *6 (W.D. Mich. Apr. 30, 2021).

"It is in the Court's discretion to determine the reasonableness of an expert's fees." *Burgess v. Fischer*, 293 F.R.D. 372, 373 (S.D. Ohio 2012) (citing *Bonar v. Romano*, No. 2:08-cv-560, 2010 U.S. Dist. LEXIS 113110, at *2 (S.D. Ohio Oct. 25, 2010); *Massasoit v. Carter*, 227 F.R.D. 264, 265 (M.D.N.C. 2005)). "In assessing the reasonableness of an expert's fee, the Court should consider the expert's education, training and experience; the prevailing rate for comparable experts; and the nature and complexity of the information sought." *Id.* (citing *Bonar*, 2010 U.S. Dist. LEXIS 113110 at *2). "[A]n expert's regular hourly rate for professional services is presumptively a reasonable hourly rate for deposition." *Id.* (citing *Bonar*, 2010 U.S. Dist. LEXIS 113110 at *2).

**C. The Court sets Dr. Bozeman's rate at $600 per hour**

The *Burgess* factors do not support a rate reduction for Dr. Bozeman. First, Dr. Bozeman is a board-certified urologist, with over 30-years of clinical experience "dealing with overactive bladder and dysfunctional voiding on an almost daily basis." (Doc. No. 43-4, PageID #1407.) Second, Dr. Bozeman's rates are lower than what other urologists charge for deposition testimony, which the GCRTA has not disputed. (Doc. No. 43-4.) Third, Dr. Bozeman's lower rate of $600 (when compared to his peers), is reasonable given that GCRTA only intends to take two hours of testimony (Doc. No. 44-4, PageID #1501, Doc. No. 45, PageID #1509) and given that Dr. Bozeman only reviewed a few records in this case. (Doc. No. 43-4, PageID #1407–08.)

Finally, the Court will not reduce Dr. Bozeman's rate because he prepared his report for free. GCRTA points the court to two District of Colorado decisions where the courts analyzed

reasonableness using a six-factor test, one of which includes "the fee actually being charged to the party who retained the expert." *Fiber Optic Designs, Inc. v. New England Pottery, LLC*, 262 F.R.D. 586, 589 (D. Colo. 2009); *Grady v. Jefferson Cnty. Bd. of Cnty. Comm'rs*, 249 F.R.D. 657, 659, 661 (D. Colo. 2008). Even if the Sixth Circuit adopted such a factor, the Court does not find it relevant here. As Burgess represents, Dr. Bozeman is charging her *the same amount* for deposition testimony. (Doc. No. 44, PageID #1422 ("Plaintiff has to pay the same rates as RTA when questioning her experts at deposition or at trial").) And experts are free to charge different rates for different services. *Guantanamera Cigar Co. v. Corporacion Habanos, S.A.*, 729 F. Supp. 3d 246, 256 (D.D.C. 2010). Furthermore, as shown by the CVs attached to Burgess' Position Paper, urologists typically charge different rates for preparing their reports and for testifying.

For all these reasons, the Court sets Dr. Bozeman's usual rate of $600 per hour for deposition testimony is reasonable and the Court declines to reduce it to $200 per hour as requested by the GCRTA.

**D. The Court sets Dr. Bamberger's rate at $750 per hour**

The Court, however, will reduce Dr. Bamberger's rate for deposition testimony from $1000 per hour to $750 per hour. While Dr. Bamberger is a board-certified urologist with over 30 years of experience, his rate is higher than the average urologist hourly rate ($750 per hour) for deposition testimony. And as to complexity, the Court finds that his two-page report is not overly complex because it really just purports to define the "detrusor" and "detrusor overactivity." His report does not apply these definitions to Burgess' alleged condition, and it does not indicate if Dr. Bamberger reviewed any of Plaintiff's medical records.

Thus, under the *Burgess* factors, a reduction of Dr. Bamberger's fee is warranted. Because the national average is $750 per hour (a figure that GCRTA has not disputed), the Court finds that $750 per hour is a reasonable rate for Dr. Bamberger's deposition testimony. The Court therefore reduces Dr. Bamberger's rate of $1,000 per hour for deposition testimony to $750 per hour.[1]

## III. Conclusion

For the reasons set forth herein, the Motion is GRANTED in part and DENIED in part. Dr. Bozeman's deposition rate is set at $600 per hour, and Dr. Bamberger's deposition rate is set at $750 per hour. The Court further orders (1) that GCRTA shall pay each expert beginning at the scheduled deposition time until it completes its examination, and then during the time it re-examines each expert, if at all, following Burgess' examination, billed in increments of fifteen minutes, (2) that the depositions will be taken by remote means, (3) that no travel charges may be billed; (4) that no fee is chargeable for time spent drafting or supplementing a report, gathering or producing materials that Rule 26(a)(2)(B) requires, or conferring with Plaintiff's counsel; (5) that compensable preparation time shall not exceed two hours, and (6) that payment is due within thirty days after each deposition on receipt of an invoice for the time actually spent, rather than in advance.

**IT IS SO ORDERED.**

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

Date: November 10, 2026

[1] For similar reasons as with Dr. Bozeman, the Court finds that the fact that Dr. Bamberger wrote his report for $200 per hour does not support a further reduction of his fee.